The Full Commission has reviewed the prior Order based upon the record of the proceedings before Special Deputy Commissioner Gina E. Cammarano and the brief and oral argument before the Full Commission. The appealing party has shown good ground to reconsider the evidence and to amend the Order with respect to the attorney fee awarded only.
***********
The Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff's former attorney, Roger W. Rizk of Charlotte, had represented plaintiff pursuant to a contract requiring payment of a fee of 25% of compensation awarded, subject to approval of the Industrial Commission.
2. While representing plaintiff, Rizk obtained a rating of 7% and a proposed settlement agreement of $5,000.00 based on this rating. Plaintiff was not satisfied with this proposed settlement and told Rizk that his services were no longer needed.
3. Rizk withdrew as counsel for plaintiff and the Industrial Commission approved such withdrawal.
4. Plaintiff later accepted a settlement of $7,320.14.
5. Special Deputy Commissioner Cammarano approved this settlement on behalf of the Industrial Commission and awarded an attorney fee of 25% of the settlement amount to plaintiff's former attorney, Roger W. Rizk. The attorney fee thus awarded was $1,666.93.
6. Plaintiff appealed from the attorney fee part of the award. At oral argument before the Full Commission, plaintiff said he thought his former counsel was entitled to a fee based on the $5,000 proposed settlement rather than the $7,320.14 settlement negotiated by plaintiff himself.
7. Plaintiff's former attorney, Roger W. Rizk, is entitled to a fee of 25% of the $5,000 proposed settlement and such amount is found to be just and reasonable under the circumstances.
***********
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. A contingent attorney fee based upon additional compensation negotiated by the pro se claimant after he had fired his attorney was not reasonable. N.C. Gen. Stat. § 97-90(c).
2. In this case a reasonable contingent fee for an attorney who had been fired by his client should be based on the amount negotiated by the attorney and should not include any compensation negotiated by the pro se claimant after the attorney was out of the case. N.C. Gen. Stat. § 97-90(c).
***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. An attorney's fee of $1,250.00 is approved for plaintiffs prior counsel. This amount shall be deducted from the sum due plaintiff and paid directly to plaintiffs prior counsel, Roger W. Rizk.
2. Except as modified by paragraph 1 of this Award, the Order Approving Compromise Settlement Agreement of Special Deputy Commissioner Gina E. Cammarano filed on 29 June 1998 shall be and remain unchanged.
This 22nd day of February 1999.
S/_____________ THOMAS J. BOLCH COMMISSIONER CONCURRING:
S/_____________ J. HOWARD BUNN, JR. CHAIRMAN
S/_____________ DIANNE C. SELLERS COMMISSIONER